Richmond

JUAN BARRETTO MENDEZ, JR.

v.

COMMONWEALTH OF VIRGINIA

June 8, 1979.

Records Nos. 781203 and 781204.

Present: All the Justices.

*G. Daniel Forbes* for appellant. (Record No. 781203).

*Robert H. Herring, Jr., Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appcllee.

*G. Daniel Forbes* for appellant. (Record No. 781204).

*Burnett Miller, III, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

HARMAN, J., delivered the opinion of the Court.

After a bench trial, Juan Barretto Mendez, Jr., (Mendez or defendant) was convicted of bribery, Code § 18.2-447, and perjury, Code § 18.2-434. He was sentenced to serve a two-year term in the penitentiary on each charge. We granted writs of error on limited grounds to review defendant's claims (1) that there was insufficient evidence to sustain the bribery conviction, and (2) that an oath administered to him on an affidavit was gratuitous and insufficient to support a perjury conviction.

On December 19, 1976, Mendez, a convict imprisoned at Southampton Correctional Center, was approached by two correctional officers, L. W. Green and Robert T. Jones, Jr., who were conducting a routine "shakedown" of prisoners. The officers requested defendant, who was then in the prison yard, to enter a building where he could be searched. When defendant refused to accompany the officers, Officer Jones remained with Mendez and sent Officer Green to inform a supervisor of the defendant's refusal to be searched.

Jones testified that Mendez, who attempted to focus the officer's attention elsewhere, removed a plastic bag from one of his pockets and dropped it to the ground. Jones retrieved the bag, which contained 31 marijuana cigarettes. Mendez was then charged with possession of marijuana.

The bribery charge resulted from a conversation between defendant and Officer Green on February 5, 1977, while the marijuana charge was pending against defendant.

The record shows that Green's testimony was:

> "that he and Mendez were discussing a charge that had been brought against Mendez by Officer R. T. Jones . . . involving marijuana. That in the process of the conversation he [Green] told Mendez that there was always a solution to every problem, at which time Mendez asked him, 'Do you know Jones' financial status?' Green said he told Mendez that—his answer was, 'Jones ain't rich,' at which time the defendant, Mendez, asked Officer Green . . . 'Do you think Jones would take money to testify in court?' Green's reply to him was he didn't know but he would relay the message.

> "He testified further that there was no specific figure mentioned between Mendez and himself in the conversation, and then in answer to a question as to why Mendez was talking to him and what Mendez wanted, he testified that Mendez wanted Jones to testify that he was not sure if he saw Mendez drop the marijuana on the ground. . . ."

The record shows Green related this conversation to Jones and the bribery charge was lodged against Mendez.

■ Defendant points out that no sum of money was ever mentioned in his conversation with Green, that he never discussed a change in Jones' testimony with Jones, and that he never directly offered money to Jones. From this Mendez argues that the evidence, viewed in the light most favorable to the Commonwealth, shows "no more than an inquiry concerning possible bribery." We find no merit in this argument.

Code § 18.2-447, in pertinent part, provides:

> "A person shall be guilty of bribery under the provisions of this article:

> "(1) If he offers, confers or agrees to confer upon another (a) any pecuniary benefit as consideration for or to obtain or influence the recipient's decision, opinion, recommendation, vote or other exercise of discretion as a public servant or party official, or (b) any benefit as consideration for or to obtain or influence either the recipient's decision, opinion, recommendation, vote or other exercise of official discretion in a judicial or administrative proceeding or the recipient's violation of a known legal duty as a public servant or party official. . . ."

We had occasion in *Ford* v. *Commonwealth*, 177 Va. 889, 15 S.E.2d 50 (1941), to construe similar language which appeared in Code, 1936, § 4496, a statutory ancestor of our present statute. There we said:

> "The comprehensive and inclusive language of the statute . . . prohibits three specific acts,—the giving of a bribe, the offer of a bribe and the promise of a bribe, any one of which is a complete crime in itself. It applies where either of such acts are intended to influence the officer or any 'matter, question, cause, or proceeding' which may be pending, or on any 'matter, question, cause, or proceeding' which 'may by law come or be brought before' him in his official capacity, and consequently applies to present causes or proceedings and to causes or proceedings which may arise in the future.

> "The statute places the corrupt gift, offer, or promise all on the same plane. It defines each of such acts as bribery and provides the same punishment. An attempt to corrupt, evidenced by an offer or promise of a gift, constitutes bribery on the part of the offeror or promisor as fully and completely as if a cor-

rupt gift had been made and accepted. The gist of the offense is the criminal intent to undermine the proper and orderly administration of justice. The crime is committed by the making of the corrupt offer."

177 Va. at 893, 15 S.E.2d at 52-53.

Here the evidence shows that Mendez, through Green, implied a willingness to pay money to Jones to induce him to change his testimony in the pending marijuana case. While no specific sum was ever mentioned, this is of no consequence for when Mendez, through Green as an intermediary, indicated that he would pay Jones money if Jones would alter his testimony, the statutory crime of bribery was complete. We therefore hold that the evidence adduced was sufficient to sustain the bribery conviction.

■ While the marijuana and bribery charges were pending against him, Mendez and his counsel contacted the Commonwealth's Attorney. Mendez represented that he never possessed the marijuana as charged and that Officer Green had solicited a bribe of $225 for Jones, who wasn't "rich", to "change the story so [Mendez could] win the case and [Jones] could have two hundred and twenty-five dollars in his pockets." Mendez offered to submit to a polygraph examination in order to convince the Commonwealth's Attorney that the facts he related were true.

An agreement was reached that Mendez would receive such an examination if, prior thereto, he made the statements related earlier to the Commonwealth's Attorney under oath in affidavit form and entered into a stipulation that the results of that examination, whether favorable or unfavorable to Mendez, would be admissible in evidence. Mendez was warned by the Commonwealth's Attorney that his affidavit, if proven untrue by the subsequent polygraph examination, could result in Mendez being charged with perjury.

To carry out the agreement Mendez signed the required written stipulation. Defendant also prepared a written statement denying he ever possessed the marijuana and restating his version of the conversation with Green. This statement was signed and acknowledged by Mendez before Catherine H. Bass, Clerk of the General District Court of Southampton County on July 5, 1977.

Mendez submitted on two separate occasions to polygraph examinations by State Police Investigator Twine, a trained poly-

graph expert. Twine testified that the tests showed that Mendez was "deceptive" when he denied possession of the marijuana and was also "deceptive" when he said the bribery proposal was initiated by Green. Twine further testified that defendant, in a conversation subsequent to the tests, admitted to Twine that he had, in fact, possessed the marijuana.

Code § 18.2-434 provides, in pertinent part:

> "If any person to whom an oath is lawfully administered on any occasion wilfully swear falsely on such occasion touching any material matter or thing . . . he shall be guilty of perjury, punishable as a class 5 felony. . . ."

In order to sustain a perjury conviction under this statute, the Commonwealth had the burden of proving:

(1) that an oath was lawfully administered;

(2) that the defendant wilfully swore falsely; and

(3) that the facts to which he falsely swore were material to a proper matter of inquiry.

The authority of a clerk of court to administer an oath or take an affidavit is purely a creature of statute. In this instance that authority springs from Code § 49-4 which, in pertinent part, provides:

> "Any oath or affidavit required by law, which is not of such nature that it must be made in court, may be administered by or made before . . . clerk of a court. . . ."

Thus it is clear that the authority of the clerk of court to administer an oath or take an affidavit is limited to an oath or affidavit *required by law* which is not of such nature that it must be made in court.

Here, the affidavit was not one required by law. Instead, the affidavit was a condition imposed upon defendant by the Commonwealth's Attorney as a condition precedent to obtaining a polygraph examination requested by defendant.

Having concluded that the affidavit in question here was not one required by law but, instead, was a gratuitous one, we must also conclude that such an affidavit, however false it may be, cannot sustain a conviction for perjury under Code § 18.2-434. *Common-*

*wealth* v. *Simon*, 11 Va. L. Reg., N.S., 349 (Corp. Ct. City of Norfolk 1925). Therefore, the judgment in the bribery conviction will be affirmed. The judgment in the perjury conviction will be reversed and the prosecution will be dismissed.

> *Affirmed as to Record No. 781204.*
> *Reversed and dismissed as to*
> *Record No. 781203.*