Richmond

ROBERT ANTHONY HOLZ

v.

COMMONWEALTH OF VIRGINIA

February 29, 1980.

Record No. 790795.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*C. Champion Bowles, Jr.,* for appellant.

*Ronald W. Fahy, Assistant Attorney General (Marshall Coleman, Attorney General; A. R. Woodroof, Assistant Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Indicted for perjury under Code § 18.2-434, defendant Robert Anthony Holz was convicted of the charge in a bench trial and sentenced to two years' confinement in the penitentiary with all but four months suspended.* On appeal, the sole question is whether the evidence was sufficient to support the conviction.

On February 17, 1978, a State Trooper observed defendant "involved in a traffic violation" in Louisa County and issued him a summons for reckless driving. At the time, defendant had a valid operator's license in his possession. The trooper later determined that defendant's privileges to operate a motor vehicle had been suspended by an order of the Virginia Division of Motor Vehicles (DMV) is-

---

* Insofar as pertinent here, Code § 18.2-434 provides:

  If any person to whom an oath is lawfully administered on any occasion wilfully swear falsely on such occasion touching any material matter or thing, . . . he shall be guilty of perjury. . . .

sued on October 19, 1977. The trooper then obtained a warrant charging defendant with unlawfully operating "a motor vehicle on [a] public highway after his privilege to drive had been suspended."

At the September 1978 trial of the latter offense in the Louisa County General District Court, defendant testified under oath that he never received any notice that the October 1977 suspension order had been issued and that he therefore thought he was properly licensed to operate a motor vehicle on February 17, 1978. Based on that testimony, the charge was dismissed.

Subsequently, defendant was indicted in November of 1978 for the present offense. The indictment charged that in the general district court trial defendant wilfully swore falsely to a material matter in that he testified he had not received notice that his motor vehicle operator's license had been suspended by the October 1977 DMV order when in fact defendant had been personally served by a DMV employee with the Order of Suspension on February 8, 1978.

The Commonwealth's evidence at the perjury trial showed that defendant's operator's license and motor vehicle license plates had been suspended in 1976 by a DMV order which required defendant to surrender the licenses to the Commissioner of the DMV. When he received the order, defendant acknowledged in writing on a DMV form (1) that the order had been served on him and (2) that he understood his privilege to operate a motor vehicle in the Commonwealth had been suspended.

The prosecutor further showed that defendant's licenses, later reinstated, were again suspended by the October 19, 1977 order in issue, a copy of which was introduced in evidence. The machine-produced copy of the order reads as follows:

Order of Suspension

Holz, Robert Anthony          OL NO: No Record
PO Box 89                     CL NO: No Record
Locust Grove, VA 22508        License Plate(s):
                              449-405 Ford  7N54H133109

The records of this division indicate you are required to file a certificate of insurance, Form SR 22, because of a previous suspension. The Early Settlers Ins Co has filed a notice terminating the certificate of insurance on file for the above driver's license(s) and/or license plates.

The above driver's license(s) and/or license plates are hereby

suspended effective October 19, 1977, and shall remain suspended until you:

(1) Have your liability insurance company file Form SR 22 covering the above license(s) and

(2) Pay to this division a $25 reinstatement fee (your check or money order should be made payable to the Division of Motor Vehicles and mailed to the address shown above).

All suspended driver's license(s) and/or license plates must be returned to the Commissioner. Use the attached envelope to mail license(s). If you fail to surrender your license(s) and a representative of the Division of Motor Vehicles is required to serve this order, an additional $10 fee must be paid before the suspension may be removed.

Issued in the Office of the Commissioner of the Division of Motor Vehicles, Richmond, Virginia, October 19, 1977, by authority of Sections 46.1-167.5, 46.1-397, and 46.1-438(C) of the Virginia Code.

A copy of this order was mailed to defendant as required by Code § 46.1-441.2, and the DMV received a certified-mail receipt purportedly signed by defendant on November 5, 1977.

The Commonwealth's evidence also showed that on February 8, 1978, nine days before defendant was charged with reckless driving, defendant was personally served with the foregoing order which was explained to him at the time. H. L. Fleshman, a DMV field service representative, testified that he and another DMV employee found defendant at his place of employment in Spotsylvania County on February 8, 1978 and, after identifying himself as a "DMV Enforcement Officer," handed defendant a copy of the order. Fleshman further testified that he "explained" the Order of Suspension to defendant and advised him of the procedure to be followed to reinstate his operator's license. Fleshman stated that the "essence" of his comments to defendant was "that the Order was issued by the Division of Motor Vehicles after having received information from the insurance company that the SR 22 insurance had terminated and to reinstate the driving privileges it would be necessary to obtain a new SR 22 and pay the applicable fees." The DMV officers secured defendant's motor vehicle license plates, but did not ask for an operator's license because "the driver's license wasn't listed" on the order (see in heading of order: "OL NO: No Record") which, according to testimony,

"would indicate that it previously had been suspended." The record further shows that two days later Fleshman reported in writing to his superior at the DMV that he had served the order on defendant on February 8 and that the vehicle licenses were "secured and held."

Defendant proved that in March of 1977, his operator's license, which had been suspended in October of 1976, was reinstated along with the vehicle license by "the DMV in Richmond" after defendant paid a "fine" and presented a "pink slip from the insurance company." Defendant testified that his operator's license had been suspended only the one time and that the reissued March 1977 license was still valid and in his possession at home at the time of the perjury trial.

Defendant further testified that he saw the DMV officers "at a distance" on February 8, 1978 at his place of employment but had no conversation with them. Defendant categorically denied receiving or being served with a copy of the October 1977 suspension order and admitted testifying to that effect in the general district court.

■ In a prosecution under the foregoing perjury statute, the Commonwealth must prove beyond a reasonable doubt, *inter alia,* that defendant wilfully swore falsely. *Mendez* v. *Commonwealth,* 220 Va. 97, 102, 255 S.E.2d 533, 535 (1979). Under the circumstances of this case, this burden includes not only a showing that the statements made under oath by the defendant were false, but were known by the accused to be false at the time. If the defendant believes the facts stated by him to be true, he may not properly be said to have wilfully sworn falsely to such facts. *Rothfuss* v. *Commonwealth,* 198 Va. 461, 466, 94 S.E.2d 532, 535 (1956).

■ Defendant argues that the Commonwealth failed to prove beyond a reasonable doubt that he knew at the time he testified in the general district court "that an order had been served upon him suspending his license." Defendant contends "[i]t is doubtful" due to the vague language of the order that the operator's license had been properly suspended. Pointing to the second paragraph of the order and the use throughout the document of "and/or," defendant says that only the vehicle license, the number of which was listed in the caption, was validly suspended. He argues that because the caption showed "No Record" of an operator's license, repeated use of the disjunctive term "or" between "driver's license(s)" and "license plates" in the body of the order had the effect of suspending the item listed in the caption and not the item omitted. Because of this situation, defendant continues, he "would have had reason to believe that he had a valid operator's license" because one had been issued by the DMV and was in his possession at the time he made the allegedly

false statement. Consequently, defendant says, "[i]t cannot be said that the defendant did not have [an] honest belief in the truth of his testimony at the time he so stated."

But defendant did not testify that he failed to understand the provisions of the order because of its vagueness. The factual dispute below centered upon whether defendant knew an order suspending the driver's license had been issued. On that question, the trial court obviously accepted the Commonwealth's evidence that a copy of the order of suspension was personally served upon defendant. This was buttressed by the testimony that defendant apparently had received a copy of the order by certified mail and testimony that he was told by the serving officer the order had the effect of suspending his right to drive a motor vehicle. Consequently, the court below properly concluded that defendant, with knowledge of the suspension, wilfully swore falsely when he stated under oath that he had not received notice of the suspension. Such a finding on conflicting evidence is conclusive and will not be disturbed on appeal.

■ The argument advanced by defendant's counsel more properly should be considered in relation to the materiality of the false statement, another element of the crime. If the untrue representation did not "[touch] any material matter or thing" in the trial, Code § 18.2-434, *supra,* the mere falsity of the statement alone will not sustain a perjury conviction. *Rhodes* v. *Commonwealth,* 78 Va. 692, 698 (1884). *See Mendez* v. *Commonwealth,* 220 Va. at 102, 255 S.E.2d at 535-36. The testimony must have been relevant in the trial of the case, either to the main issue or some collateral, issue. 3 R. Anderson, *Wharton's Criminal Law and Procedure* § 1311, at 677 (1957). In the present case, the question whether the DMV had in fact administratively suspended defendant's operator's license was relevant in the trial before the general district court in which defendant was accused of operating a vehicle after his privilege to drive had been suspended.

■ The question thus becomes: Did the language of the order, reasonably interpreted, accomplish a suspension of defendant's driver's license? The language of the document was confusing, contradictory and vague. It appears to be a form order in which the inapplicable letters "(s)" and the inapplicable words "and" and "or" have not been deleted to conform the document to the true facts which are sought to be articulated. We note that in the 1976 suspension order, the DMV stated in clear terms that: "Your privileges to drive and register motor vehicles in the Commonwealth of Virginia are hereby suspended. . . ." Nevertheless, we cannot say that a suspension of defendant's driver's

license was not accomplished by the order in question. Construed as a whole, we think the document carries out, albeit inartfully, the administrative intention to suspend defendant's driver's license. Accordingly, we hold that defendant's false statement was material to the question whether he drove after his operator's license had been suspended.

For these reasons, we find no error in the judgment below and defendant's conviction will be

*Affirmed.*