**Salem**

BEATRICE MOONEY KEFFER

v.

COMMONWEALTH OF VIRGINIA

No. 0237-90-3

Decided May 21, 1991

COUNSEL

Robert M. Jenkins (Max Jenkins; Jenkins & Quigley, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—In an October 10, 1989 bench trial, Beatrice M. Keffer, appellant, was convicted of perjury pursuant to Code § 18.2-434 and sentenced to three years in the state penitentiary, all but thirty days of which were suspended for three years. On appeal, Mrs. Keffer argues that a single sworn statement by another witness that is contrary to her own sworn statement is insufficient evidence to sustain her perjury conviction. We agree and reverse her conviction.

Mrs. Keffer was charged with perjury for willfully swearing falsely regarding a material matter in the Giles County General District Court trial of her husband, Russell Dean Keffer, held on December 13, 1988. In that trial, Officer Thomas E. Lawson of the Pearisburg Police Department testified he saw Russell Keffer driving a white and green automobile on October 23, 1988, at which time Keffer's license was suspended. Mrs. Keffer testified under oath that her husband could not have been driving the car because she had been with her husband the entire day, except for ten to fifteen minutes, and that she had the only set of keys to the car.

At her perjury trial, the Commonwealth called Officer Lawson as its sole witness. His testimony was the only evidence presented by the Commonwealth. Officer Lawson recited Mrs. Keffer's testimony and his own testimony from Mr. Keffer's district court trial. The Commonwealth then rested its case. Thereupon, Mrs. Keffer moved the court to strike the Commonwealth's evidence on the ground that there had been no corroboration of the perjury charge. After receiving briefs on the matter from both parties, the court ruled corroboration was unnecessary and found Mrs. Keffer guilty of perjury.

At trial and on appeal, Mrs. Keffer argues that this case is controlled by the Virginia Supreme Court's holding in *Schwartz v. Commonwealth*, 68 Va. (27 Gratt.) 1025 (1876). In *Schwartz*, the Court held that an uncorroborated confession was insufficient to sustain a perjury conviction based upon testimony during a rape trial. In response, the Commonwealth first argues the holding in *Schwartz* has been overruled *sub silentio* since recent Virginia Supreme Court decisions, *Holz v. Commonwealth*, 220 Va. 876, 263 S.E.2d 426 (1980), and *Mendez v. Commonwealth*, 220 Va. 97, 255 S.E.2d 533 (1979), have failed to refer to it. In addition, the Commonwealth argues Code § 18.2-434 only requires proof that a person who had been lawfully administered an oath, willfully swore falsely concerning a material matter, and does not require corroboration as a necessary element. Therefore, the Commonwealth asserts it met its burden of proof and Mrs. Keffer was properly convicted.

The trial court concluded that *Schwartz* is no longer controlling authority and that *Holz* and *Mendez* hold that corroboration is unnecessary to support a perjury conviction, particularly since there is no statutory requirement of corroboration. Further, the trial judge reasoned that the General Assembly did not intend to impose upon the Commonwealth a higher burden of proof in a perjury case than in any other criminal matter. We disagree.

Since at least 1840, the Commonwealth appears to have had in force a statutory definition of the crime of perjury. *See Commonwealth v. Stockley*, 37 Va. (10 Leigh) 712, 718 (1840). From that time to the present, the Code has provided, in effect, that "[i]f any person to whom an oath is lawfully administered on any occasion willfully swear falsely on such occasion touching any material matter or thing, . . . he shall be guilty of perjury." *See* Code § 18.2-434. While the Code has never expressly required corroboration to sustain a perjury conviction, from an early date, our courts have imposed a corroboration requirement.[1]

---

[1] The so-called "two witness" rule is deeply rooted "in the tradition that a conviction for perjury should not be obtained solely on the evidence of a single witness, or in other words that it should not rest entirely upon an 'oath against an oath.' Hence, the falsity of evidence relied on for conviction for perjury must be established by the evidence of two independent witnesses or by that of one witness and corroborating circumstances." R. Perkins & R. Boyce, *Criminal Law* 523-24 (3d ed. 1981). Recognition of the rule is described as "well nigh universal." *Id.* at 524.

In *Schwartz*, a 1876 case, the Court stated: "No rule is perhaps better settled than that to authorize a conviction of perjury there must be two witnesses testifying to the falsity of the statement, or one witness with strong corroborating circumstances of such a character as clearly to turn the scale and overcome the oath of the party and the legal presumption of his innocence." 68 Va. (27 Gratt.) at 1027. "The whole law in reference to perjury is based on the idea that when there is witness against witness, oath against oath, there must be other evidence to satisfy the mind." *Id*. at 1032. Based on these rules, the Court held that a defendant who made conflicting statements under oath could not be convicted of perjury without corroborating evidence to show which of the two statements was false. *Id*. at 1033.

Just over one hundred years after the *Schwartz* decision, the Virginia Supreme Court decided *Mendez* and *Holz*. In *Mendez*, the Court simply held that a false affidavit that was not required by law, but rather was merely gratuitous, could not support a conviction for perjury under Code § 18.2-434. 220 Va. at 102, 255 S.E.2d at 536. In *Holz*, the defendant was convicted of perjury under Code § 18.2-434 for his testimony in a district court trial concerning a traffic violation, denying he knew of an order suspending his driver's license. The defendant testified that he never received notice of the suspension order and that he never spoke to Division of Motor Vehicles (DMV) officers concerning the suspension order. At the perjury trial, a DMV officer testified that he spoke with the defendant about the suspension order and handed the defendant a copy of the order. In addition, the Commonwealth's evidence showed that the order was mailed to the defendant and that the DMV received a certified-mail receipt signed by the defendant. 220 Va. at 879, 263 S.E.2d at 428-29. Based on the DMV officer's testimony and the DMV records, the Court upheld the trial court's findings that the defendant knowingly made a false statement in his district court trial, and affirmed the perjury conviction. *Id*. at 882, 263 S.E.2d at 429.

Though neither *Mendez* nor *Holz* relied on *Schwartz* as authority, neither case dealt with the issue of whether a perjury conviction requires corroborating evidence. In *Mendez*, it was unnecessary to address the issue of corroboration because there was no proper sworn statement on which to base a perjury charge. In *Holz*, corroborating evidence in fact supported the DMV officer's

testimony. We hold that the law as stated in *Schwartz* remains in effect and a perjury conviction under Code § 18.2-434 requires proof of falsity from the testimony of at least two witnesses or other corroborating evidence of falsity in the event the case is supported by the testimony of only one witness.

For the foregoing reasons, we hold that the evidence is insufficient to sustain the appellant's perjury conviction and reverse the trial court's decision.

*Reversed.*

Barrow, J., and Moon, J., concurred.