COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


GORDON MICHAEL DONOWA, s/k/a
 GORDON MICHAEL DONAWA
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1579-95-2      JUDGE SAM W. COLEMAN III
                                         MAY 28, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

            Stephen T. Harper (Bradford F. Johnson;
            Johnson & Walker, P.C., on brief), for
            appellant.

            Steven A. Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Gordon Michael Donowa was convicted in a jury trial of

committing perjury in violation of Code § 18.2-434 by testifying

falsely under oath at a prior trial.  On appeal, Donowa contends

that the evidence is insufficient to prove that the statement in

his prior testimony was false, or, even if false, it was not

material to the issues at the previous trial.  We hold that the

statement was material and the evidence is sufficient to support

the conviction.

     First, the Commonwealth contends that the defendant is

barred from challenging the sufficiency of the evidence on appeal

because under Rule 5A:18 "[a] mere statement that the judgment or

---

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

award is contrary to the law and the evidence is not sufficient" to preserve an issue for appeal.

"The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (en banc). Here, the defendant informed the trial court while the jury was deliberating that he would move to set aside the verdict as contrary to the law and the evidence if the jury returned a guilty verdict. After the jury rendered the verdict, the defendant moved to set it aside, and the trial judge stated that he "ha[d] been thinking about [the motion]," and was "satisfied that it was strictly a jury issue involved as to the three points set forth in the instructions." The "three points" the judge referred to from the instructions were the three elements required to prove perjury. The record shows that the trial judge understood the defendant's objection and was able to consider it intelligently in ruling that the evidence was sufficient to support the perjury conviction.

With respect to the merits of the defendant's appeal, in order to obtain a conviction for perjury, the Commonwealth must prove that the defendant made a false statement under oath, that he did so willfully, and that the statement was material to an issue involved in the trial. Code § 18.2-434; see Holz v.

- 2 -

Commonwealth, 220 Va. 876, 880-81, 263 S.E.2d 426, 428-29 (1980).
The defendant contends that the evidence is insufficient as a matter of law to prove that he testified falsely at his previous trial when he denied ownership of a 1986 Oldsmobile. Alternatively, he contends that ownership of the Oldsmobile was not material to an issue at the prior trial.

The defendant was tried on August 4, 1994 for possession of cocaine with intent to distribute, possession of a firearm while in possession of cocaine, and possession of a firearm after being convicted of a felony. At that trial, the defendant testified under oath that he was not the owner of the Oldsmobile in which cocaine and a shotgun were found. According to the defendant, the car belonged to his father, whose name is Gordon Milton Donowa, and his father's name was on the car's registration.

However, at the defendant's perjury trial, Charlotte Bales, an employee of the Department of Motor Vehicles (DMV), testified that the application for a certificate of title for the 1986 Oldsmobile showed that "the owner is Gordon M. Donowa," and also authenticated other DMV records which showed that the defendant's social security number matched the number listed on the application for a certificate of title. Officer Jonathan W. Stanley testified that he had seen the defendant driving the Oldsmobile on more than one occasion and that he obtained a search warrant for the Oldsmobile in September 1993 listing the defendant as the owner of the car after checking DMV's records

and determining that the social security number on the registration was the defendant's number.

"[A] perjury conviction under Code § 18.2-434 requires proof of falsity from the testimony of at least two witnesses or other corroborating evidence of falsity in the event the case is supported by the testimony of only one witness." Keffer v. Commonwealth, 12 Va. App. 545, 549, 404 S.E.2d 745, 747 (1991). Here, Charlotte Bales' testimony proved that DMV's records listed the defendant as the owner of the Oldsmobile, and this evidence of ownership was corroborated by Officer Stanley's testimony that he had witnessed the defendant driving the Oldsmobile on more than one occasion and that he had named the defendant as the owner in his affidavit for a search warrant after checking DMV's records. Contrary to the defendant's assertion, the Commonwealth was not required to produce a witness with personal knowledge of the individual who applied for the certificate of title to the Oldsmobile. The records of ownership with DMV are sufficient to prove ownership of a motor vehicle. Therefore, the evidence is sufficient to prove that the defendant owned the Oldsmobile and willfully testified falsely under oath that he did not own the Oldsmobile.

As to the materiality of the defendant's ownership of the Oldsmobile, the issue at the August 1994 trial was whether the defendant exercised dominion and control over the Oldsmobile at the time the police searched the car and found cocaine and a

shotgun in it. According to the defendant, the Commonwealth did not have to prove that he owned the Oldsmobile in order to prove possession because Officer Stanley testified that he witnessed the defendant dealing drugs out of the car and saw him in possession of the key to the car just prior to the search of the car. Because Officer Stanley's testimony was sufficient to establish possession of the car and its contents, the defendant contends that proof of ownership of the car was not necessary to prove possession and, therefore, it was not material.

Code § 18.2-434 does not require the Commonwealth to establish that the false testimony was <u>essential</u> to the outcome of the case in order to prove that it was material. Rather, the testimony is material if it was "<u>relevant</u> in the trial of the case, either to the main issue or some collateral issue." <u>Holz</u>, 220 Va. at 881, 263 S.E.2d at 429 (emphasis added). It is well-established that ownership of an automobile is one circumstance the fact finder may consider in determining whether the accused possessed contraband found in the vehicle. <u>See</u> <u>Scruggs v. Commonwealth</u>, 19 Va. App. 58, 61, 448 S.E.2d 663, 665 (1994); <u>Burchette v. Commonwealth</u>, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992). Therefore, proof of ownership of the Oldsmobile was material to the primary issue at the defendant's August 1994 trial.

We find the evidence sufficient to prove all of the elements of perjury and affirm the defendant's conviction.

<u>Affirmed.</u>