COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


SHANNON DAVID RINGER

                                    MEMORANDUM OPINION* BY
v.   Record No. 2363-99-4CHIEF   JUDGE   JOHANNA   L.   FITZPATRICK
                                         OCTOBER 17, 2000

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                    Ann Hunter Simpson, Judge

          James J. Ilijevich, Senior Assistant Public
          Defender, for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Shannon David Ringer (appellant) was convicted in a bench

trial of perjury, in violation of Code § 18.2-434.  On appeal, he

contends the evidence was insufficient to prove his guilt.  We

agree and reverse his conviction.

                                I.

     Under familiar principles of appellate review, we examine the

evidence in the light most favorable to the Commonwealth, the

prevailing party below, granting to that evidence all reasonable

inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

So viewed, the evidence established that on November 25, 1998, Deputy Sheriff Frank Martello (Martello) issued a summons to Heather Taylor (Taylor) for driving on a suspended license. Martello gave her a notice of suspension on that date.

On December 13, 1998, approximately three weeks after issuing the summons to Taylor, Martello saw the same vehicle travelling north on Route 17. As the deputy followed the car, he called dispatch to verify that the license of the suspected operator, Heather Taylor, had been suspended.

The car pulled into the parking lot of Alibi's Restaurant. Martello parked his car approximately thirty feet from the other car. Martello waited in his car "maybe twenty seconds" until the dispatcher confirmed Taylor's license was suspended. He could not see the driver's face. However, Martello was positive the driver was a female and she appeared to have the same "build and stature" as Heather Taylor. As Martello approached, the driver got out of the car and the deputy recognized the woman as Taylor. After conducting several field sobriety tests, Martello arrested Taylor for driving under the influence of alcohol.

On February 19, 1999, Taylor appeared for a bench trial in the Stafford County General District Court. The district court judge administered the oath to the witnesses, including appellant. Sergeant John Barham (Barham) was present at the trial and took notes. According to Barham, appellant testified at Taylor's trial that he was the driver of the car on December

-

13, 1998 and that Taylor did not drive that evening. Appellant stated that they stopped at Alibi's Restaurant to meet appellant's roommate and Taylor was asleep in the back seat of the car. Appellant stayed in the bar for 20-30 minutes, and when he came out, he saw a police officer leaving with Taylor. Sergeant Barham was not a witness to these events, and he primarily testified only concerning appellant's testimony at Taylor's trial on February 19, 1999.[1]

Appellant was subsequently indicted for perjury, in violation of Code § 18.2-434, for giving false testimony in Taylor's DUI trial.[2] At appellant's perjury trial, Martello testified about the factual events underlying the arrest of Taylor, and Sergeant Barham repeated appellant's testimony that he was the sole driver of Taylor's car on the night of December 13, 1998. The Commonwealth also introduced a map to show that the car traveled north on Route 17. Appellant did not present any evidence on his behalf. The trial court denied appellant's

---

[1] There is no evidence in the appellate record to indicate whether Taylor was convicted of the DUI charge.

[2] The indictment read:

> On or about February 19, 1999, in the County of Stafford in the Stafford General District Court, Shannon David Ringer did unlawfully and feloniously commit perjury by falsely stating under oath that he was driving a vehicle and that Heather Taylor was not driving a vehicle, a material matter, in violation of Virginia Code § 18.2-434.

-

motion to strike the evidence and found him guilty, stating the following:

> The Court finds that the Commonwealth's evidence is credible. It is the only evidence before the Court at this time. The Court further finds that the Commonwealth has met its burden with regards to what is required to prove perjury under 18.2-434, as well as the case law that interprets that statute and provides the Court with what is necessary in order to prove the case of perjury. The Court feels that there is sufficient corroborative evidence to support the conviction.

## II.

The sole issue raised in this appeal is whether there was sufficient evidence to corroborate the testimony of Martello, the Commonwealth's primary witness. In order to sustain a perjury conviction under Code § 18.2-434, the Commonwealth has the burden of proving: "(1) that an oath was lawfully administered; (2) that the defendant willfully swore falsely; and (3) that the facts to which he falsely swore were material to a proper matter of inquiry." Mendez v. Commonwealth, 220 Va. 97, 102, 255 S.E.2d 533, 535 (1979). The Commonwealth bears the burden of proving each of these elements of the offense beyond a reasonable doubt. See Holz v. Commonwealth, 220 Va. 876, 880, 263 S.E.2d 426, 428 (1980).

"'[A] perjury conviction under Code § 18.2-434 requires proof of falsity from the testimony of at least two witnesses or other corroborating evidence of falsity in the event the case is

-

supported by the testimony of only one witness.'"  Stewart v. Commonwealth, 22 Va. App. 117, 120, 468 S.E.2d 126, 127 (1996) (quoting Keffer v. Commonwealth, 12 Va. App. 545, 549, 404 S.E.2d 745, 747 (1991)).  "[A]lthough the corroborating evidence 'must be of a strong character, and not merely corroborative in slight particulars,' it need not be equal in weight to the testimony of a second witness.  Rather, the corroborating evidence must confirm the single witness' testimony in a manner strong enough 'to turn the scale and overcome the oath of the [defendant] and the legal presumption of his innocence.'"  Id. (citations omitted).

In the instant case, Martello was the only witness who testified that Taylor, not appellant, was driving the car on December 13, 1998.  Thus, the Commonwealth was required to present other corroborating evidence of falsity.

This case is factually similar to Keffer, 12 Va. App. 545, 404 S.E.2d 745.  In Keffer, the defendant was charged with perjury for giving false testimony at her husband's trial for driving on a suspended license.  The defendant testified that she was with her husband the entire day in question and that he could not have driven a vehicle because she had the only set of keys.  At her perjury trial, the Commonwealth called a police officer as its sole witness.  The officer recited the defendant's testimony that her husband was not driving and his own testimony that the husband was driving.  Based upon this

-

evidence, the trial court convicted the defendant of perjury. See id. at 546, 404 S.E.2d at 746. On appeal, we reversed the defendant's conviction in Keffer, holding that "a perjury conviction under Code § 18.2-434 requires proof of falsity from the testimony of at least two witnesses or other corroborating evidence of falsity in the event the case is supported by the testimony of only one witness." Id. at 549, 404 S.E.2d at 747.

In the instant case, the Commonwealth failed to present sufficient evidence corroborating the testimony of Martello that Taylor, not appellant, was driving on December 13, 1998. The Commonwealth introduced into evidence a photograph, a map of the area, Taylor's prior summons and notice of suspension. However, this evidence only supported Martello's recollection of the events and did not corroborate the falsity of appellant's testimony. Additionally, the testimony of Sergeant Barham adds no corroboration as he had no personal knowledge about the events of December 13, 1998. His testimony simply recited appellant's prior testimony at Taylor's trial.

The Commonwealth was required to show more than a mere contradiction in appellant's testimony. It was required to prove the falsity of the statement by either two witnesses or one witness supported by corroborating evidence. In this case, there were no "material and transparent deficiencies" in appellant's testimony that would "turn the scale" in favor of guilt, Stewart, 22 Va. App. at 121, 468 S.E.2d at 128, nor any

-

statement by another witness that would tend to corroborate the falsity of the appellant's testimony.  See id. at 121, 468 S.E.2d at 127-28.  Accordingly, we hold that the evidence was insufficient to sustain appellant's conviction of perjury.

Reversed and dismissed.