COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Annunziata
Argued at Richmond, Virginia


SHAREEF WAHEED KIRBY

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 3015-99-2          JUDGE ROSEMARIE ANNUNZIATA
                                         DECEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Thomas V. Warren, Judge

A. Pierre Jackson for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


The appellant, Shareef Kirby, was convicted on October 19,
1999 of making a materially false statement on an application to
purchase a firearm in violation of Code § 18.2-308.2:2(K).  He
was sentenced to serve five years in prison, with all but six
months suspended.  He contends on appeal that:  (1) the trial
court erred in its verdict on the ground the evidence failed to
establish that he made the statement willfully and
intentionally; and (2) the trial court erroneously relied on the
language of Code § 18.2-308.2 which only requires simple
possession of a firearm and not a knowing and willful intent to

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

possess in violation of the statute.  For the reasons that follow, we affirm.

BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences which may be drawn.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

On November 17, 1994, Kirby was convicted in Nottoway County Juvenile and Domestic Relations District Court on three counts of petit larceny, and one count each of attempted robbery, possession of a handgun by one under the age of eighteen, attempted grand larceny, and use of a firearm in the commission of a felony.  As a result of those convictions, Kirby was sentenced to serve twenty-four months at a state juvenile detention facility.

On May 12, 1998, at the age of twenty-two, Kirby sought to purchase a firearm and filled out a Virginia Firearms Transaction Record, an application which Code § 18.2-308.2:2 requires be completed before purchasing a firearm.  Kirby answered the following question in the negative:  "Have you been convicted in any court of a crime for which the Judge could have imprisoned you for more than one year, even if the Judge actually gave you a shorter sentence?"

In defense to the charge, Kirby testified that his social skills teacher in the juvenile corrections facility where he

-

served his sentence for the earlier convictions told him "that if [he] sign[ed] any applications or anything to put no because [he] was a juvenile and [he] was in juvenile court and [he] was found not innocent" and that he "wouldn't lose [his] civil rights." Kirby introduced into evidence a letter written by the teacher to Kirby's attorney stating that she told the students

> that if a person who was committed as a
> juvenile, that they did not have to
> acknowledge "guilt" on any forms such as job
> applications. The term for committed
> juveniles is "found not innocent," which
> means that they are not legally obligated to
> admit being found guilty as would a
> committed adult.

In finding Kirby guilty of making a materially false statement on an application to purchase a firearm, the trial judge made the following findings:

> Now, this letter here is something saying
> that students who were told that if a person
> who was committed as a juvenile, they did
> not have to acknowledge guilt on any form
> such as job applications. This is clearly
> not a job application. No one has even
> mentioned the word guilt in this
> matter. . . . [T]his says have you ever
> been convicted in any court, and my view is
> you were convicted in a court.

### DISCUSSION

On appeal, the judge's verdict will not be disturbed unless it was plainly wrong or without evidence to support it. Albert v. Commonwealth, 2 Va. App. 734, 742, 347 S.E.2d 534, 538-39 (1986). Matters of credibility and weight are for the trier of fact, Bell v. Commonwealth, 22 Va. App. 93, 99, 468 S.E.2d 114,

-

117 (1996), and we will not substitute our judgment for those determinations. Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

Applying these principles of law, we find the evidence is sufficient to support Kirby's conviction.[1] The Commonwealth established that Kirby gave a materially false response to the question. Kirby had been convicted of grand larceny, attempted grand larceny, petit larceny, possession of a firearm by one under the age of eighteen, attempted robbery, and use of a firearm in the commission of a felony on November 17, 1994 when he was seventeen years of age. It is clear that the judge could have imposed more than a one-year sentence for those convictions and, in fact, did impose a sentence of twenty-four months to be served at a juvenile detention center.

The only remaining question before us is whether the Commonwealth established that the materially false statement was made willfully and intentionally, knowing that the statement was false at the time it was made. Holz v. Commonwealth, 220 Va. 876, 880, 263 S.E.2d 426, 428 (1980); Glens Falls Insurance Co.

---

[1] It is uncontested that Kirby's possession of the firearm, purchased as a result of the false application, was illegal. Code § 18.2-308.2 makes it unlawful for a person under the age of twenty-nine who has been found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult, to possess a firearm.

-

v. Long, 213 Va. 776, 779, 195 S.E.2d 887, 890 (1973).  We find the Commonwealth established this element of the offense.

The statement that was made constituted an "'act which [was] intentional . . . or voluntary, as distinguished from accidental.'"  Snead v. Commonwealth, 11 Va. App. 643, 646, 400 S.E.2d 806, 807 (1991) (citation omitted).  Kirby completed the form himself, after being informed by the firearms dealer, several times, to read the questions carefully to make sure he understood the questions.  Kirby knew he had been convicted of crimes for which he could have been imprisoned for more than one year, because the sentence he actually received was for a period greater than one year.  Notwithstanding this knowledge, Kirby did not provide the information requested, claiming that he believed and understood that his status following his juvenile offense convictions did not require an answer in the affirmative.  He also cited the letter from his social skills teacher in support of his claimed belief and understanding.  However, the trial court was not bound to believe or accept this evidence.  Richardson v. Commonwealth, 21 Va. App. 93, 99, 462 S.E.2d 120, 124 (1995).  Indeed, the trial court gave little weight to the explanation.  Noting that the teacher referenced forms such as job applications, the trial court, by implication, found Kirby's inclusion of an application to purchase a firearm within the references made in the teacher's generalized statement to be unreasonable and not credible.  In addition, the

-

circuit court order affirming the juvenile court's actions described the defendant as having been found "guilty" of the various offenses, establishing a further ground for the trial court's resolution of the credibility issue against Kirby.

Kirby also alleges that the trial court erroneously based his conviction on Code § 18.2-308.2, which does not require a finding of willfulness or intent. The contention is without merit. Code § 18.2-308.2 prohibits a person under the age of twenty-nine who has been found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult, from possessing a firearm. It was referenced by the Commonwealth only to underscore the illegality of Kirby's gun purchase and as further evidence that Kirby's response on the form was false and that Kirby knew it was false when he gave it. Furthermore, the trial court acknowledged that the Commonwealth had to prove that Kirby willfully and intentionally made the false statement, an element the Commonwealth is required to prove under Code § 18.2-308.2:2(K), and the trial court made an explicit finding that Kirby had intentionally made the false statement. Thus, the trial court clearly did not improperly rely on Code § 18.2-308.2 to convict Kirby of the offense.

-

Because we find the conviction was supported by sufficient evidence, we affirm.

<u>Affirmed</u>.