COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


CHRISTOPHER JAMES HUBBARD

                                    MEMORANDUM OPINION* BY
v.    Record No. 2345-00-2          JUDGE LARRY G. ELDER
                                       NOVEMBER 6, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                       Leslie M. Osborn, Judge

            Jennifer LeLacheur Jones, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Robert H. Anderson, III, Assistant Attorney
            General (Randolph A. Beales, Acting Attorney
            General, on brief), for appellee.


     Christopher James Hubbard (appellant) appeals from his

bench trial conviction for perjury in violation of Code

§ 18.2-434.  We hold that the evidence proved his statement was

willful and was sufficiently corroborated and that the trial

court did not impermissibly shift the burden of proof to

appellant.  Therefore, we affirm appellant's conviction.

     When considering the sufficiency of the evidence on appeal,

we view the evidence in the light most favorable to the

Commonwealth.  See Higginbotham v. Commonwealth, 216 Va. 349,

352, 218 S.E.2d 534, 537 (1975).  "Circumstantial evidence is as

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude" all reasonable hypotheses of innocence.  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

To establish willful falsity,[1] see Mendez v. Commonwealth, 220 Va. 97, 102, 255 S.E.2d 533, 535 (1979), the Commonwealth must prove not only "that the statements made under oath by the defendant were false," Holz v. Commonwealth, 220 Va. 876, 880, 263 S.E.2d 426, 428 (1980), but also that the defendant knew the statements were false, see id., or that he should have known they were false, Snead v. Commonwealth, 11 Va. App. 643, 646, 400 S.E.2d 806, 807 (1991) (stating that willful "characterize[s] a thing done without ground for believing it is lawful").

Here, the only reasonable hypothesis flowing from the circumstantial evidence, viewed in the light most favorable to the Commonwealth, is that when appellant testified under oath in general district court, he knew his Integon insurance policy had not been in effect at the time of his auto accident.  Appellant made a down payment on the Integon policy on June 11, 1999, and agreed simultaneously to a payment schedule which required him to make monthly payments thereafter, but appellant failed to

---

[1] On appeal, appellant does not challenge the sufficiency of the evidence to prove that his statement was made under oath or that it was material to a proper matter of inquiry.

-

make the July payment or any subsequent payments.  As a result, Integon cancelled his policy on July 16, 1999, and notified him of the cancellation by letter sent to the address he provided when he had obtained the policy only five weeks earlier.

Even assuming appellant did not receive notice of the cancellation of his policy, he could not reasonably have believed when he testified in general district court that his insurance policy with Integon remained valid when the accident occurred on September 7, 1999, after he already had failed to make two of the monthly premium payments to which he had agreed. Appellant's statement on September 7, 1999 that he was insured by Geico rather than Integon further supports the conclusion that appellant knew his policy with Integon was no longer valid on that date.  The evidence also established that appellant never reported the accident to Integon or its agents.  Thus, when appellant testified in general district court that he was insured by Integon on September 7, 1999, he did so "without ground for believing [his testimony was] lawful."  Snead, 11 Va. App. at 646, 400 S.E.2d at 807.

When a perjury conviction is supported by the testimony of only one witness, the testimony must be corroborated.  Stewart v. Commonwealth, 22 Va. App. 117, 120, 468 S.E.2d 126, 127 (1996).  However, the corroborating evidence "need not be equal in weight to the testimony of a second witness," id., as long as the evidence confirms the single witness' testimony in a manner

-

strong enough "'to turn the scale and overcome the oath of the [defendant] and the legal presumption of his innocence,'" Keffer v. Commonwealth, 12 Va. App. 545, 548, 404 S.E.2d 745, 746-47 (1991) (quoting Schwartz v. Commonwealth, 68 Va. (27 Gratt.) 1025, 1027 (1876)).

Here, the testimony of Insurance Agent William Wells regarding the status of appellant's insurance coverage with Integon as of September 7, 1999 was sufficiently corroborated by both Integon's notification letter to appellant that his policy had been cancelled for nonpayment, see Holz, 220 Va. at 882, 263 S.E.2d at 429, and appellant's conflicting statements regarding the identity of his insurance carrier at the time of the September 7, 1999 accident, see Stewart, 22 Va. App. at 121-22, 468 S.E.2d at 128. Wells testified that when appellant obtained the policy through Wells' agency, appellant agreed to make monthly premium payments but failed to make even the first payment, which resulted in Integon's canceling his coverage on July 16, 1999. Finally, appellant's statement on September 7, 1999 that he was insured by Geico further corroborated Wells' testimony that appellant's Integon policy was not in effect on that date and that appellant was aware of this fact.

Lastly, we reject appellant's contention that the trial court drew an improper inference from his failure to testify and, in effect, shifted the burden to him to prove his false statement was not willful because he was unaware that the

-

Integon policy had been cancelled.  The trial court is presumed to know the law and to apply it properly.  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977). Once the Commonwealth presents a prima facie case of guilt, the burden of production shifts to the accused to rebut that prima facie case.  See, e.g., Overstreet v. Commonwealth, 193 Va. 104, 110-11, 67 S.E.2d 875, 879 (1951).  Although generally "'the state must prove all the essential facts entering into the description of the offense[,] . . . when a negation of a fact lies peculiarly within the knowledge of the defendant[,] it is incumbent on him to establish that fact.'"  Mayhew v. Commonwealth, 20 Va. App. 484, 490, 458 S.E.2d 305, 308 (1995) (quoting State v. Williamson, 206 N.W.2d 613, 618 (Wis. 1973)).

Here, the trial court expressly acknowledged that "the Commonwealth bears the burden" of proving appellant's false testimony was willful.  In commenting on appellant's failure to testify, the trial court merely emphasized the fact that appellant failed to offer any evidence to rebut the Commonwealth's prima facie case on that element of the offense. Had appellant testified that he was confused about his duty to pay monthly premiums or that he did not understand any cancellation notice he may have received, such testimony would have provided the trial court with a basis for concluding that appellant's false testimony was accidental rather than willful. However, in the absence of such testimony, the trial court, as

-

the finder of fact, was entitled to conclude the only hypothesis flowing from the circumstantial evidence was that appellant was aware of his duty to pay monthly premiums, understood his failure to pay those premiums would void or nullify his policy, and knew at least by the time he testified under oath in general district court that his Integon policy was not in effect at the time of the accident.

For these reasons, we affirm appellant's perjury conviction.

Affirmed.

-