COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Russell and Senior Judge Haley
Argued at Fredericksburg, Virginia


MICHAEL JOSEPH ANDERSON

v.        Record No. 0052-16-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JAMES W. HALEY, JR.
APRIL 25, 2017


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Matthew P. Snow (Biberaj, Snow & Sinclair, P.C., on brief), for
appellant.

Stephen L. Forster, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Michael Joseph Anderson, appellant, appeals his conviction of perjury.  Appellant contends

that the Commonwealth failed to prove he made a willfully false statement under oath concerning a

material matter and that the trial court erred by admitting a document into evidence without proper

authentication.  For the reasons that follow, we affirm the judgment of the trial court.

BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."  Williams

v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson

v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence

adduced at trial established that appellant was an inmate at the jail in Loudoun County.  Deputy

David Weeks was working during lunch service at the jail.  Weeks testified he was opening the

_____
    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

meal tray slots for each cell in the area where appellant was assigned. Once appellant received his meal tray and water, appellant asked Weeks if he would leave the slot door open. Weeks advised appellant he had been instructed to close the slots, but appellant argued that he did not have to close the slots. Weeks stated he attempted to close the slot, but appellant had placed his glass in the slot thereby preventing it from closing. Weeks reached to grab the glass, but appellant pulled it back into his cell and put his arm through the slot. Weeks testified he lightly touched appellant's arm to remove it from the slot. Weeks stated appellant immediately "yelled" and Weeks pulled away from the slot. Weeks recounted that appellant said, "you think you're so tough? Open this door. We'll see how tough you are," and "I'll have your job." Weeks moved on from appellant's cell and determined he would return once appellant started to eat and had removed his arm. However, after finishing the lunch rounds, appellant still had his arm in the slot. Weeks reported the circumstances to the supervising deputy and stated appellant would not allow him to close the slot. Weeks did not file a formal statement until a week later. Weeks conceded he had placed his hand below the tray slot door and moved it slightly upward, but denied trying to close the door on appellant's arm.

Lieutenant Richardson testified he interviewed appellant upon his complaint that Weeks committed a criminal offense against him. After speaking with appellant, Richardson reviewed the surveillance video and determined that Weeks had acted in compliance with jail protocol and that no assault had occurred. Richardson determined appellant's claim was false. Appellant, however, demanded that he not be denied his due process rights and that he be taken to a magistrate. Prior to honoring appellant's request, Richardson showed the jail surveillance video to the magistrate, but he denied discussing his conclusions with the magistrate.

Lieutenant Snell testified Richardson directed him to take appellant to the magistrate. Snell recalled that appellant already had a criminal complaint form in his possession and that appellant presented it to the magistrate. Snell stated that the document at trial looked like the criminal

complaint appellant gave to the magistrate, but he admitted that he did not closely look at the document presented to the magistrate.

Appellant testified that, from his perspective behind the cell door, all he could see was what was in his line of vision through the tray slot. He asked Weeks to leave the slot open to allow more air to circulate into his cell to help reduce the heat and humidity in the cell. Weeks was walking away, but returned toward appellant's cell and appellant repeated his request. Appellant stated his arm was through the slot and he felt the slot close on his arm, causing a sharp pain to his wrist and he screamed. Appellant stated he lost his balance and grabbed the tray slot opening to prevent him from falling backwards. Appellant claimed Weeks "cuffed" his arm and pushed it back, which caused his arm to hit the top of the tray slot opening. Appellant requested medical attention and was able to see a nurse, who referred him to a physician's assistant. Appellant testified he received follow-up medical attention to make sure he did not lose "range-of-motion." Appellant claimed his wrist continues to make a popping noise with movement. Appellant further testified that he filled out the criminal complaint form twelve days after the incident without having reviewed any video. Both appellant and his counsel referred to the admitted document as appellant's "criminal complaint." Appellant explained his statements contained in the document reflected what he felt happened to his arm from Weeks' actions of closing the slot door on his arm and pushing it back.

A surveillance video was introduced at trial. The video memorialized the events outside of appellant's cell. The video established the exchange at appellant's cell was very quick.

## ANALYSIS

### Perjury

Appellant contends the trial court erred by finding sufficient evidence to convict him of perjury because the Commonwealth failed to prove that he made a false statement under oath, that the statement was willfully made, and that the statements at issue were material.

> [W]hen the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly drawn therefrom must be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it.

Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (citations omitted).

Under this familiar standard of review, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id.

> A conviction for perjury requires proof of three things: that the defendant made a false statement under oath; that [he] did so willfully; and that the statement was "touching any material matter or thing." Code § 18.2-434. "While the Code has never expressly required corroboration to sustain a perjury conviction, from an early date, our courts have imposed [such] a . . . requirement." Keffer v. Commonwealth, 12 Va. App. 545, 547, 404 S.E.2d 745, 746 (1991) (citing Schwartz v. Commonwealth, 68 Va. (27 Gratt.) 1025 (1876)).

Cossitt-Manica v. Commonwealth, 65 Va. App. 394, 400-01, 778 S.E.2d 513, 516 (2015). "Proving perjury with opposing testimony, therefore, requires either 'two witnesses testifying to the falsity of the statement' or 'one witness with strong corroborating circumstances.'" Id. at 401, 778 S.E.2d at 516 (quoting Keffer, 12 Va. App. at 547, 404 S.E.2d at 746); see also Donati v. Commonwealth, 37 Va. App. 575, 578-79, 560 S.E.2d 455, 456-57 (2002) (holding that no evidence is required to corroborate "competent, authenticated, real evidence," such as a video recording).

Appellant argues that he believed the statements he made in the criminal complaint and, thus, the Commonwealth could not prove them to be false or willfully made knowing them to be false. Appellant testified that, from his perspective, he believed Weeks viciously assaulted him. He felt his arm get closed between the tray slot door and Weeks pushed his arm back toward the cell causing appellant's arm to hit the door, causing further pain. It is true that "[i]f the defendant

believes the facts stated by him to be true, he may not properly be said to have willfully sworn falsely to such facts." Holz v. Commonwealth, 220 Va. 876, 880, 263 S.E.2d 426, 428 (1980) (citing Rothfuss v. Commonwealth, 198 Va. 461, 466, 94 S.E.2d 532, 535 (1956)). However, the jury rejected appellant's account and resolved the conflict in evidence in favor of the Commonwealth. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Flanagan v. Commonwealth, 58 Va. App. 681, 702, 714 S.E.2d 212, 222 (2011) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)). This Court will not disturb the credibility findings of the jury.

The jury could have viewed the videotape and determined that Weeks' actions were minimal and as such appellant could not reasonably have believed that he was being assaulted. Further, Weeks testified that he lightly touched appellant's arm and that he did not close the tray slot door on appellant's arm. While the video shows Weeks slightly moving the tray slot door, it does not depict him slamming the slot door shut on the arm in the manner appellant described. "'Videotapes, like photographs, when properly authenticated, may be admitted . . . "as 'mute,' 'silent,' or 'dumb' independent photographic witnesses."'" Donati, 37 Va. App. at 579, 560 S.E.2d at 457 (quoting Brooks v. Commonwealth, 15 Va. App. 407, 410, 424 S.E.2d 566, 569 (1992)). Further, videotapes and "[p]hotographs are 'an aid . . . in ascertaining the truth.'" Adams v. Ristine, 138 Va. 273, 298, 122 S.E. 126, 133 (1924).

Appellant also maintains the sworn statements did not concern a material matter. In the context of perjury, materiality "means that the statement must be one about a fact that could influence the outcome of the proceeding." Ronald J. Bacigal, 7 Virginia Practice: Criminal Offenses and Defenses 480 (2016). "Testimony is material if it is relevant to a main or collateral issue on trial." Sheard v. Commonwealth, 12 Va. App. 227, 232, 403 S.E.2d 178, 180 (1991)).

- 5 -

Evidence is relevant, and material, "if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). If the false statement does not "touch[] any material matter or thing," Code § 18.2-434, then "the mere falsity of the statement alone will not sustain a perjury conviction," Holz, 220 Va. at 881, 263 S.E.2d at 429. Appellant asserts that the statements were not material because his use of the terms "viciously" and "smashed" were not relevant to whether the magistrate would issue a warrant against Weeks.

It is unclear why appellant only argues the materiality of the terms "viciously" and "smashed," when his criminal complaint as a whole comprised the allegation of an assault and battery. If the magistrate had accepted appellant's sworn statements, as contained in his criminal complaint, the magistrate would have issued a warrant for Weeks' arrest. Therefore, appellant's sworn statements would influence the outcome of the magistrate's official action, and, thus, were material. Accordingly, the trial court did not err by finding appellant's sworn statements were false, willfully made, and material, and the evidence was sufficient to support the perjury conviction.

Admissibility of criminal complaint.

Finally, appellant maintains the trial court erred by admitting the criminal complaint because the Commonwealth failed to properly authenticate the document. Appellant notes that Snell testified he did not have "direct contact" with the document and could only assert it "look[ed] like the criminal complaint" given to the magistrate. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994) (citation omitted). "Before any writing may be introduced into evidence, it must be authenticated, 'which is the providing of an evidentiary basis sufficient for the trier of fact to conclude that the writing came from the source claimed.'" Ragland, 16 Va. App. at 919, 434 S.E.2d at 679 (quoting

Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982)).  The moving party may rely on circumstantial evidence to prove the document is genuine.  Id.  "The amount of evidence sufficient to establish authenticity will vary according to the type of writing, and the circumstances attending its admission, but generally proof of any circumstances which will support a finding that the writing is genuine will suffice."  Id. (quoting Walters, 223 Va. at 451, 290 S.E.2d at 842).

Snell testified Richardson directed him to take appellant to the magistrate "so he could present his complaint."  Snell recalled that appellant already had the criminal complaint in his possession when he took appellant to see the magistrate.  Although Snell did not review the document, he affirmed the document at trial appeared to be the same document appellant took to the magistrate.  Snell also testified he provided Richardson with a copy of the complaint.  Further, the contents of the document were consistent with appellant's account of what occurred.  These circumstances were sufficient to authenticate the document as appellant's criminal complaint.  Additionally, the Court notes that appellant referred to the admitted document as his criminal complaint during his testimony and that appellant acknowledged that the statements contained in the document comprised his account of what happened.  Therefore, the record establishes that the document admitted at trial was what it was purported to be and, thus, was genuine.  Accordingly, the trial court did not abuse its discretion by admitting the sworn criminal complaint.

### CONCLUSION

Appellant gave a sworn statement to a magistrate, that if believed would have caused the magistrate to issue a warrant of arrest against Weeks.  The jury reasonably concluded the videotape of the interaction between Weeks and appellant did not support appellant's testimony and allegation of an assault and battery.  Thus, the statements contained in the sworn complaint were false and willfully made concerning a material matter.  Further, the Commonwealth properly authenticated the admitted criminal complaint.  Accordingly, the trial court did not err by admitting the criminal

complaint and denying appellant's motion to set aside the verdict.  We find no reversible error in the trial court and, thus, we affirm the conviction of perjury.

Affirmed.