COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


LINWOOD STEWART

v.          Record No. 0482-95-2          OPINION BY
                                      JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                 MARCH 19, 1996


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Herbert C. Gill, Jr., Judge


                Felipita Athanas for appellant.

                Steven A. Witmer, Assistant Attorney General
                (James S. Gilmore, III, Attorney General, on
                brief), for appellee.


     Linwood Stewart was convicted in a bench trial of perjury,
in violation of Code § 18.2-434.  Stewart contends that the
evidence was insufficient, as a matter of law, to support the
conviction.  He argues that because only one witness testified
that he made a false statement under oath, no corroboration of
the alleged perjury was established.  We hold that the evidence
was sufficient and affirm the conviction.

     On December 28, 1993, Roger Goodman was involved in an
automobile accident with another vehicle in Chesterfield County.
 As a result of the accident, habitual offender and reckless
driving charges were brought against Booker Williams, who was
alleged to have been driving the car that collided with Goodman's
automobile.  At Williams' trial in general district court,
Stewart testified that he, not Booker Williams, was driving the

vehicle that collided with Roger Goodman's automobile.  Stewart was subsequently charged with perjury as a result of his testimony at Williams' trial.

In the perjury trial, Roger Goodman testified that he was present at Booker Williams' trial in general district court and that he heard Stewart testify falsely under oath that on December 28, 1993, he, Stewart, was driving the car that struck Goodman's automobile.  Goodman testified, however, that the driver of the vehicle that collided with his automobile identified himself at the scene of the accident as "Booker Williams," and that Stewart is "taller and he looks a lot younger [than Williams]," and that his skin tone "may be a little darker."  Goodman described Williams as "approximately 5 feet tall, medium color skin, real nervous individual, kind of stocky buil[d]."  Additionally, Goodman testified that at Williams' trial, Stewart could not identify the automobile that he claimed he was driving.  Additionally, Goodman testified that Stewart did not know "the address of the person who owned the car" that Stewart testified he was driving, and could not remember that Goodman was wearing a "full camouflage outfit" at the time of the accident.  When Goodman was asked whether there was any doubt in his mind that Stewart was not the person driving the car that struck his, Goodman responded, "[n]one whatsoever."

Officer Reid of the Chesterfield County Police Department testified that he investigated the accident involving Roger

Goodman and Booker Williams, and that as a result of the investigation, Booker Williams was arrested on habitual offender and reckless driving charges. Officer Reid was present at Williams' trial and heard Stewart testify, under oath, that he was operating the vehicle that collided with Roger Goodman's automobile on December 28, 1993. Officer Reid testified that there was a "distinct difference" in appearance between Stewart and Booker Williams.

"[A] perjury conviction under Code § 18.2-434 requires proof of falsity from the testimony of at least two witnesses or other corroborating evidence of falsity in the event the case is supported by the testimony of only one witness." Keffer v. Commonwealth, 12 Va. App. 545, 549, 404 S.E.2d 745, 747 (1991). Here, Roger Goodman was the only witness who testified that Stewart was not the driver of the vehicle that collided with Goodman's automobile. Therefore, unless other evidence corroborates Goodman's testimony that Stewart testified falsely about being the driver, Stewart's perjury conviction must be set aside.

Although corroboration is required in order to prove perjury, the "nature of the corroboration" necessary to substantiate the testimony of a single witness in a perjury prosecution has never been specifically delineated. See 7 John H. Wigmore, Evidence § 2042, at 365 (Chadbourn rev. 1978). It is important to note, however, that the corroborating evidence rule

"is founded upon the idea that it is unsafe to convict in any case where the oath of one man merely is to be weighed against that of another." Schwartz v. Commonwealth, 68 Va. (27 Gratt.) 1025, 1027 (1876). The purpose of requiring corroborating evidence is "to confirm the single witness' testimony and to induce the belief of it." 7 Wigmore, Evidence § 2042, at 364. Accordingly, we hold that although the corroborating evidence "must be of a strong character, and not merely corroborative in slight particulars," Schwartz, 68 Va. (27 Gratt.) at 1027, it need not be equal in weight to the testimony of a second witness. Rather, the corroborating evidence must confirm the single witness' testimony in a manner strong enough "to turn the scale and overcome the oath of the [defendant] and the legal presumption of his innocence." Keffer, 12 Va. App. at 548, 404 S.E.2d at 746-47 (quoting Schwartz, 68 Va. (27 Gratt.) at 1027).

We need not decide whether Officer Reid's testimony was sufficient, standing alone, to corroborate Roger Goodman's sworn statement that Stewart testified falsely when he swore that he was the driver of the car that collided with Goodman's automobile. The trier of fact could infer from Officer Reid's statement that he investigated the accident, that he did more than take Goodman's statement and did not simply rely upon Goodman's statement to identify Booker Williams as the driver. Officer Reid arrested Booker Williams at the accident scene on habitual offender and reckless driving charges as a result of a

police investigation.  Reid's actions support Goodman's testimony.  Officer Reid's testimony that there was a difference in appearance between Stewart and Booker Williams confirms Goodman's testimony, and also tends to prove that Goodman did not mistakenly identify Booker Williams.

Most important, Stewart's testimony at Williams' trial corroborates Goodman's testimony and tends to prove that Stewart perjured himself when he testified that he was the driver of the automobile.  Cf. Cardwell v. Commonwealth, 248 Va. 501, 512, 450 S.E.2d 146, 153 (1994) (holding that "an accomplice's testimony can be corroborated by an accused's admissions") cert. denied, 115 S. Ct. 1826 (1995).  Stewart testified that, although he was driving the car, he could not remember that Goodman was wearing a full camouflage outfit.  Stewart also claimed he could not remember the type of automobile he was driving when he had the accident or the address of the automobile's owner.  Stewart testified at Williams' trial about three months after the accident.  He gave no plausible explanation why he did not know these significant details about the accident in which he claimed to have been involved.

Stewart's lack of knowledge about the basic details of the accident and ownership of the automobile he claimed to have been driving, facts that he necessarily would know or be able to explain, corroborate Goodman's testimony that Stewart perjured himself.  The material and transparent deficiencies in Stewart's

testimony and Officer Reid's testimony "turn the scale" in favor of Roger Goodman and overcome the force of Stewart's oath. Keffer, 12 Va. App. at 548, 404 S.E.2d at 746 (quoting Schwartz, 68 Va. (27 Gratt.) at 1027).  Therefore, the evidence is sufficient, as a matter of law, to support Stewart's conviction for perjury.

Affirmed.