SAM W. COLEMAN, III, Senior Judge.
Michael Eugene Donati appeals his jury trial conviction for perjury. He contends the trial court erred by denying his motion to strike the evidence as insufficient to prove perjury in violation of Code § 18.2-434. He argues the Commonwealth failed to prove falsity by two witnesses, or one witness supported by significant corroborating evidence, as required by case law, citing Schwartz v. Commonwealth, 68 Va. (27 Gratt.) 1025, 1876 WL 6402 (1876). For the reasons that follow, we disagree and affirm his conviction.

BACKGROUND

On November 18, 1999, during a hearing in the Fairfax Circuit Court to revoke Donati’s probation, the Commonwealth introduced into evidence a videotape purporting to *577 show Donati exposing himself and masturbating 'in a public building in Bethesda, Maryland. Security cameras in the building had recorded Donati’s activities on videotape. The videotapes were introduced to prove that Donati had violated the terms and conditions of his probation by exposing himself in public in violation of the conditions that he be of good behavior and not violate the law. At the revocation hearing, Donati admitted he was the man depicted on the videotape but denied that the acts shown on the video were of him exposing himself or masturbating. As a result of those denials by Donati at the revocation hearing while under oath, the Commonwealth charged Donati with perjury.
Viewing the evidence in the light most favorable to the Commonwealth, Commonwealth v. Grimstead, 12 Va.App. 1066, 1067, 407 S.E.2d 47, 48 (1991), it proved that on June 22, 1999, Detective Herbert C. Kahala observed Donati enter a business building at 4815 Rugby Avenue in Bethesda, Maryland, wearing a white tank top, gym shorts, and white tennis shoes. Donati remained in the building for fifteen to twenty minutes. Surveillance tapes from the security system in the building depicted Donati in a hallway with his penis exposed in a visibly aroused state, masturbating. The Commonwealth also introduced still photographs of Donati produced from the videotape.

ANALYSIS

Since at least 1840, the Commonwealth appears to have had in force a statutory definition of the crime of perjury. See Commonwealth v. Stockley, 37 Va. (10 Leigh) 712, 718 (1840). From that time to the present, the Code has provided, in effect, that “[i]f any person to whom an oath is lawfully administered on any occasion willfully swear falsely on such occasion touching any Material matter or thing, ... he shall be guilty of perjury.” See Code § 18.2-434. While the Code has never expressly required corroboration to sustain a perjury conviction, from an early date, our courts have imposed a corroboration requirement. *578 Keffer v. Commonwealth, 12 Va.App. 545, 547, 404 S.E.2d 745, 746 (1991) (footnote omitted). The corroborating evidence rule “is founded upon the idea that it is unsafe to convict in any case where the oath of one man merely is to be weighed against that of another.” Schwartz, 68 Va. (27 Gratt.) at 1027; accord Stewart v. Commonwealth, 22 Va.App. 117, 120, 468 S.E.2d 126, 127 (1996); Keffer, 12 Va.App. at 548, 404 S.E.2d at 747. “ ‘[W]hen there is witness against witness, oath against oath, there must be other evidence to satisfy the mind.’ ” Keffer, 12 Va.App. at 548, 404 S.E.2d at 747 (quoting Schwartz, 68 Va. (27 Gratt.) at 1027). “The purpose of requiring corroborating evidence is to ‘confirm the single witness testimony----’” Stewart, 22 Va.App. at 120, 468 S.E.2d at 127 (quoting 7 Wigmore on Evidence § 2042, at 364 (Chadbourn ed.1978)). In Keffer we emphasized that the corroborating evidence rule of “Schwartz remains in effect ... in the event the case is supported by the testimony of only one witness.” Keffer, 12 Va.App. at 549, 404 S.E.2d at 747.
We find that the rule enunciated in Schwartz and its progeny is inapplicable in light of the facts of the case before us. This case does not involve the weighing of competing oaths and is not supported by the testimony of only one witness, circumstances which the Schwartz rule addresses. Instead, Donati’s denials under oath that he exposed himself and masturbated in public, acts which constituted the basis of the perjury charge, were contradicted by the video recording of his actions. Thus, the jury weighed Donati’s oath against competent, authenticated, real evidence, consisting of a videotape and photographs of the acts in which Donati denied being engaged. As such, the concerns of oath against oath or one witness testifying contrary to the defendant, which were raised in Schwartz, are not at issue here.[1]
“The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who *579 has the opportunity to see and hear that evidence as it is presented.” Sandoval v. Commonwealth, 20 Va.App. 133, 138, 455 S.E.2d 730, 732 (1995). The jury accepted the account of what was depicted on the videotape and found that Donati falsely testified at the revocation hearing when he denied that he exposed himself and masturbated.
To support Donati’s conviction, “[a]ll that was required to be proven was that appellant, being duly under oath, willfully swore falsely to material facts.” Sheard v. Commonwealth, 12 Va.App. 227, 233, 403 S.E.2d 178, 181 (1991). The Commonwealth introduced a properly authenticated videotape depicting Donati exposing his penis and masturbating. The Commonwealth also presented evidence that, under oath, Donati claimed he did not engage in that activity. “Videotapes, like photographs, when properly authenticated, may be admitted ... ‘as “mute,” “silent,” or “dumb” independent photographic witnesses.’ ” Brooks v. Commonwealth, 15 Va.App. 407, 410, 424 S.E.2d 566, 569 (1992) (citation omitted).
[E]ven though no human is capable of swearing that he personally perceived what a photograph [or videotape] purports to portray ... there may nevertheless be good warrant for receiving [it] in evidence. Given an adequate foundation assuring the accuracy of the process producing it, the photograph [or videotape] should then be received as a so-called silent witness or as a witness which “speaks for itself.”
Id. (citations omitted). In this case, the videotape speaks for itself and proved that Donati testified falsely under oath. The evidence is sufficient, as a matter of law, to support Donati’s conviction for perjury.

Affirmed.

. We do not in our ruling today overturn or modify Schwartz and its progeny in any way. We find simply that those cases are inapplicable.