COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges Frank, Humphreys and Huff
Argued at Richmond, Virginia

STEPHEN MATTHEW SUTPHIN

                                                    OPINION BY
v.        Record No. 1376-11-2              JUDGE ROBERT J. HUMPHREYS
                                                    DECEMBER 18, 2012

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AMELIA COUNTY
Buford M. Parsons, Judge Designate

Ronald M. Gore, Jr., for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Stephen Matthew Sutphin ("Sutphin") was convicted of perjury by giving conflicting

testimony on separate occasions as to the same matter under Code § 18.2-435 following a bench

trial in the Circuit Court of the County of Amelia ("trial court"). On appeal, Sutphin contends

that the trial court erred in finding the evidence sufficient to convict him of perjury, because the

evidence of falsity was uncorroborated, ambiguous, and failed to exclude every reasonable

hypothesis of innocence. Despite the fact that the evidence is clearly insufficient for the offense

charged, for the reasons that follow, we must nevertheless affirm the judgment of the trial court.

## I.  Background

On an appeal challenging the sufficiency of the evidence, we view the facts in the light

most favorable to the Commonwealth as the prevailing party below. Thomas v. Commonwealth,

279 Va. 131, 155-56, 688 S.E.2d 220, 234 (2010). So viewed, the facts of this case are as

follows.

The perjury conviction at issue in this case relates to testimony given by Sutphin during a January 6, 2011 probation hearing. At the time of the hearing, Sutphin was on probation, which required that Sutphin maintain employment as one of its terms. After being sworn at the hearing, Sutphin testified under oath that he was presently an employee at the Olive Garden. The Commonwealth's attorney asked Sutphin if he was sure and stated that the Commonwealth would pursue perjury charges if Sutphin was not being truthful, and Sutphin reasserted that he was currently working at the restaurant.

Following the probation hearing, an Amelia County grand jury indicted Sutphin for perjury by giving conflicting testimony on separate occasions as to the same matter under Code § 18.2-435. Sutphin pled not guilty to the charge and waived his right to a jury. The trial court then held a trial, at which time the Commonwealth presented evidence of Sutphin's testimony at the January 6, 2011 hearing. Furthermore, the Commonwealth presented the testimony of Charles Edwards ("Edwards"), Sutphin's boss at the Olive Garden.

Edwards testified that he had formally terminated Sutphin's employment on January 3, 2011. Sutphin was terminated under Olive Garden's policy to automatically terminate employees after two "no call, no shows." This policy was set forth in the agreement that Sutphin signed when he began his employment with Olive Garden, and Sutphin conceded that he was aware of the policy. Sutphin had previously received a warning for a "no call, no show" on December 4. Sutphin again failed to show up for work on January 1, 2011 even though he was scheduled to work that day.[1] Edwards terminated Sutphin's employment on January 3, 2011.

A day or two after Edwards terminated Sutphin, Sutphin called Edwards. During that conversation, Sutphin informed Edwards that he was no longer able to work at the Olive Garden,

---

[1] Sutphin came to the Olive Garden that day, but, due to an altercation with another employee, never came into the building.

because he "had been in a relationship with someone else and they had apparently been arguing." Edwards said he was sorry it worked out the way it did and wished Sutphin the best in his future endeavors.

On the foregoing evidence, the trial court found Sutphin guilty of a violation of Code § 18.2-435 and sentenced him to twelve months of incarceration, with eight months suspended. The trial order and sentencing order both reflect that the conviction was for a violation of Code § 18.2-435.  Sutphin then noted this appeal.

## II.  Analysis

### A.  The Failure by the Commonwealth to Corroborate the False Statement

It is fundamental in our system of jurisprudence that a trial is initiated and framed by the pleadings filed and appeals are likewise framed by the final order of the court below and the assignments of error challenging it.  This principle makes this case particularly troublesome.[2] This is so because it arrives on appeal in this Court in the peculiar posture that the evidence presented is clearly and unquestionably inconsistent with, and insufficient for, the offense charged in the indictment and upon which Sutphin was convicted.  However, apparently neither party was aware of the actual charge brought in the indictment until it was brought to the attention of the parties by this Court during oral argument.

---

[2] It would seem obvious that a prosecutor, in drafting an indictment, would ensure that the indictment conformed to the proof  he or she expected to present and seek an amendment if a material variance from the evidence developed during trial, and it would seem equally obvious that in defending someone charged with a crime, any defense should logically begin with a review of the indictment since that document frames the charge and its elements that must be proved, yet neither apparently occurred in this case.  After our decision today, the issue of whether Sutphin committed perjury remains an open question but what is clear is that neither his trial nor this appeal has been fair by any objective standard.  Our system of justice necessarily fails in its purpose when attorneys who are oathbound to champion the cause of the public or their individual clients, prepare so inadequately to do so.  This case provides a vivid example of such a failure.

Preliminarily, we note that Sutphin was charged with and convicted under Code § 18.2-435 which criminalizes perjury that occurs when a person gives conflicting testimony on separate occasions as to the same matter. However, it is abundantly clear from the trial record and the briefs on appeal, and as counsel for both parties conceded at oral argument, the Commonwealth, Sutphin, and the trial court all proceeded both at trial and on appeal as if Sutphin had been indicted and convicted for perjury as set forth in the general perjury statute, Code § 18.2-434.[3] Despite the Commonwealth's theory advanced in argument at trial and on appeal, since the indictment and all relevant orders indicate that Sutphin was charged and convicted of violating Code § 18.2-435, we must approach this appeal in accordance with the offense actually charged and disposed of in the court below.

On appeal, Sutphin contends only that the trial court erred in finding the evidence sufficient to convict him of perjury, because the evidence of falsity was uncorroborated, ambiguous, and failed to exclude every reasonable hypothesis of innocence. He premises his argument on the common law rule that a conviction of perjury requires proof of the falsity from at least two witnesses or one witness and corroborating evidence. See Keffer v. Commonwealth, 12 Va. App. 545, 547, 404 S.E.2d 745, 746 (1991). However, because the common law rule does not apply to perjury under Code § 18.2-435, Sutphin's assignment of error on appeal is entirely irrelevant to the charge brought and upon which Sutphin was convicted.

---

[3] While both offenses constitute perjury, they have different elements that the Commonwealth must prove beyond a reasonable doubt. Code § 18.2-434 states in relevant part, "[i]f any person to whom an oath is lawfully administered on any occasion willfully swears falsely on such occasion touching any material matter or thing, . . . he is guilty of perjury, punishable as a Class 5 felony." Code § 18.2-435, on the other hand, relates to a very specific form of perjury which occurs when a person gives conflicting testimony on separate occasions as to the same matter. As such, it requires only proof that "any person, with the intent to testify falsely, to knowingly give testimony under oath as to any material matter or thing and subsequently to give conflicting testimony under oath as to the same matter or thing."

The rationale behind requiring proof of falsity from at least two witnesses or one witness and corroborative evidence is that "perjury is based on the idea that when there is witness against witness, oath against oath, there must be other evidence to satisfy the mind" that the alleged perjury actually occurred. Id. at 548, 404 S.E.2d at 747. This Court has previously held that this common law rule is still a valid requirement for a perjury conviction under Code § 18.2-434. Stewart v. Commonwealth, 22 Va. App. 117, 120, 468 S.E.2d 126, 127 (1996) (The rule regarding corroborative evidence in Virginia is that a "'perjury conviction under Code § 18.2-434 requires proof of falsity from the testimony of at least two witnesses or other corroborating evidence of falsity in the event the case is supported by the testimony of only one witness'" (quoting Keffer, 12 Va. App. at 549, 404 S.E.2d at 747)). However, it is clear from the requirements of Code § 18.2-435 that no such rule exists under this statute.

Code § 18.2-435 criminalizes perjury in situations where the defendant gives conflicting testimony under oath on separate occasions as to the same matter. By its very nature, there is no need for corroboration, as the testimony itself is in conflict and therefore perjury must have occurred on one occasion or the other. In fact, Code § 18.2-435 specifically indicates what is needed to sustain a conviction under that section: "Upon the trial on [an] indictment [under Code § 18.2-435], it shall be sufficient to prove that the defendant, knowingly and with the intent to testify falsely, gave such differing testimony and that the differing testimony was given on two separate occasions." Thus, the General Assembly has explicitly specified that no specific number of witnesses or corroboration is necessary in order to sustain a conviction under this statute.

Since the record is devoid of any indication that Sutphin ever testified under oath on more than one occasion, this presents this Court with the rather bizarre situation in which Sutphin assigns error to the trial court solely for its failure in not requiring the Commonwealth to

present evidence corroborating the false statement when such corroboration is not required by the particular offense charged in the indictment and upon which Sutphin was convicted. It is axiomatic that a trial court does not err in denying a motion to strike the evidence as insufficient when the asserted deficiency in the proof is irrelevant to the charge brought.

Because the common law rule requiring corroboration does not apply to Code § 18.2-435, Sutphin's assignment of error does not provide an adequate basis for reversal.

B. Ends of Justice

While Sutphin's lone assignment of error does not require this Court to reverse Sutphin's conviction, the record does not indicate that the elements of Code § 18.2-435, which Sutphin was indicted for and ultimately convicted of, were proved. Instead, the evidence in this case was clearly aimed at satisfying the elements of Code § 18.2-434.[4] However, Sutphin never raised this issue on appeal, and thus we are barred from addressing it under Rule 5A:18. While this Court may invoke the "ends of justice" exception to Rule 5A:18 in situations where "the conduct for which he was convicted was not a criminal offense," Thomas v. Commonwealth, 56 Va. App. 1, 5, 690 S.E.2d 298, 300 (2010), or where "'the record affirmatively prove[s] that an element of the offense did not occur,'" id. (quoting Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272 (1997)), we will not do so *sua sponte*. See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*). As Sutphin has not asked this Court

---

[4] This Court has previously held that "Code §§ 18.2-434 and 18.2-435 define separate and distinct perjury offenses," and "[t]he Commonwealth's burden of proof for a violation of Code § 18.2-434 is significantly different from its burden for a violation of Code § 18.2-435." Williams v. Commonwealth, 8 Va. App. 336, 341, 381 S.E.2d 361, 364 (1989).

to do so, we will not apply the ends of justice exception to Rule 5A:18 and therefore we must affirm.[5]

Affirmed.

---

[5] Of course, our judgment in this case does not preclude Sutphin from seeking a writ of habeas corpus pursuant to Code § 8.01-654.