COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges McCullough, Russell and Senior Judge Frank
Argued at Norfolk, Virginia


RONNIE JAMES KEMP

MEMORANDUM OPINION[*] BY
v.        Record No. 0002-14-1                    JUDGE ROBERT P. FRANK
                                                  MAY 12, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
W. Richard Savage, III, Judge

(Drew R. Page; Stallings & Randall, P.C., on brief), for appellant.
Appellant submitting on brief.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Ronnie James Kemp, appellant, was convicted of possession with the intent to distribute

more than one-half ounce but less than five pounds of marijuana and conspiracy to distribute

marijuana. Appellant challenges the sufficiency of the evidence, contending that the trial court

relied upon his mere presence to find him criminally culpable. Finding no error, we affirm.

                                    BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence proved that on November 20,

2012, due to complaints of the selling of marijuana from the front yard of appellant's house,

Investigator J. Lyons conducted a "knock and talk" at the house. Appellant and Joshua Marino

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

lived there. Appellant had known Marino for a number of years. They occupied separate bedrooms in the house. Both appellant and Marino consented to a search of their respective rooms. During a search of appellant's bedroom, Lyons discovered a shotgun, a marijuana grinder, a set of old digital scales, and empty pots in which marijuana had previously been grown. Appellant indicated he used the grinder to smoke marijuana and that he grew marijuana in the pots within the last month. He said he had recently removed the plants because he thought the police were coming to his house to search. During the search, appellant, Marino, and a man named Travis were present. After his arrest, appellant told Lyons he last sold drugs five to six years earlier. Appellant said that other individuals sold marijuana, played dice, and drank alcohol at his residence and that those people gave marijuana to appellant for allowing them to shoot dice at his house. When asked whether those individuals also sold marijuana at his house, appellant replied, "there are people that do."

In Marino's room, the officers found a safe, for which Marino provided a key at the officers' request. Marino had the only key. His room was secured with a lock. Within the safe, the officers found a bag containing one ounce of marijuana, divided into smaller, individually wrapped portions, which were themselves contained within the larger bag. Lyons offered an unchallenged opinion that the amount of drugs, the packaging of the marijuana, and the additional packaging found in Marino's safe were inconsistent with personal use. He further opined that the scale found in appellant's room was inconsistent with personal use because people who use small amounts of marijuana were unlikely to weigh the drugs.

Marino testified he received the items found in his safe from Travis and that Travis asked him to keep those items the week before the search. Marino said appellant was present when the transfer took place, but appellant said nothing. In the month immediately preceding the search,

on more than one occasion, Travis had given marijuana to Marino, instructing him to give it to appellant. The marijuana was in plastic baggies from Marino's stash.

Though denying his own involvement in the sale of marijuana, Marino confirmed that both appellant and Travis had sold marijuana from the residence when they first moved into the house, some five months earlier, contrary to appellant's statement.

When asked did appellant ask Marino for the scales or the packaging material or any other thing that the police took from Marino's room, Marino replied, "No, not at the time . . . . No." On re-direct, Marino was further asked, "Why do you say at that time? Was there other times he did?" Marino then replied,"[s]ometimes yeah." He then responded positively to the question, "Was it always the marijuana you were holding for Travis?"

In rejecting appellant's testimony, the trial court found that the marijuana was packaged for distribution, that appellant admitted he had earlier sold marijuana, that appellant had recently grown marijuana, that appellant knew what Marino and Travis were doing, that appellant knew Travis was bringing drugs into the house, that appellant knew Marino put the drugs into the safe, and that appellant knew those drugs were for sale. The trial court concluded there was a common scheme to possess with the intent to distribute. The trial court found the evidence sufficient to convict appellant of both offenses.

This appeal follows.

ANALYSIS

On appeal, appellant asserts the trial court erred in finding the evidence was sufficient to convict him of possession with the intent to distribute more than one-half ounce but not more than five pounds of marijuana under either a theory of accessory before the fact[1] or conspiracy.

_____

[1] Since appellant was not indicted, tried, nor found guilty of being an accessory before the fact, we will not address that issue. See Sutphin v. Commonwealth, 61 Va. App. 315, 321,

- 3 -

When considering a challenge to the sufficiency of the evidence presented at trial, "'we presume the judgment of the trial court to be correct.'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992)). We reverse only if the trial court's decision is "'"plainly wrong or without evidence to support it.'" Id. at 99-100, 570 S.E.2d at 877 (quoting Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)). Even if our opinion were to differ, we do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Appellant contends there was no evidence of an agreement between him and Marino, but that the only conspiracy was between Marino and Travis. He argues while appellant was present during the exchange between Travis and Marino, he did not participate in that exchange. Further, he claims the trial court convicted him solely on his presence when the exchange took place. This argument mischaracterizes the trial court's ruling. The trial court noted that (a) appellant possessed scales and a shotgun, (b) the marijuana found in the safe was packaged for distribution, (c) appellant admitted he had grown marijuana and had sold marijuana, (d) appellant knew Marino had the drugs in his safe, (e) appellant knew Travis brought marijuana into appellant's house, (f) appellant knew Marino put the drugs in his safe, and (g) appellant

734 S.E.2d 725, 728 (2012) (finding that this Court must approach an appeal in accordance with the offense actually charged and disposed of in the court below).

- 4 -

knew the drugs were for sale. The trial court concluded there was a common scheme between appellant, Marino, and Travis.

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (quoting Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982)). "'There can be no conspiracy without an agreement, and the Commonwealth must prove beyond a reasonable doubt that an agreement existed.'" Id. (quoting Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978)). "Nevertheless, a conspiracy may be proved by circumstantial evidence." Floyd, 219 Va. at 580, 249 S.E.2d at 174. "Indeed, from the very nature of the offense, it often may be established only by indirect and circumstantial evidence." Id. "[A] conspiracy 'can be inferred from the overt conduct of the parties.'" Stultz v. Commonwealth, 6 Va. App. 439, 443, 369 S.E.2d 215, 217 (1988) (quoting Floyd, 219 Va. at 581, 249 S.E.2d at 174).

> [W]hen "it has been shown that the defendants 'by their acts pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the jury will be justified in concluding that they were engaged in a conspiracy to effect that object.'"

Charity v. Commonwealth, 49 Va. App. 581, 586, 643 S.E.2d 503, 505 (2007) (quoting Brown v. Commonwealth, 10 Va. App. 73, 78, 390 S.E.2d 386, 388 (1990)).

"In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional." Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008). "'To establish "possession" in a legal sense it is not sufficient to simply show actual or constructive possession of the drug by the defendant. The Commonwealth must also establish that the defendant intentionally and consciously possessed it

- 5 -

with knowledge of its nature and character.'" Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 759 (1975) (quoting Buono v. Commonwealth, 213 Va. 475, 476, 193 S.E.2d 798, 799 (1973)).

> Possession may be actual or constructive. Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (*en banc*) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1989)) (other citation omitted).

"Absent a direct admission by the defendant, intent to distribute must necessarily be proved by circumstantial evidence." Williams v. Commonwealth, 278 Va. 190, 194, 677 S.E.2d 280, 282 (2009). "'Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence.'" Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (quoting Wright v. Commonwealth, 245 Va. 177, 193, 427 S.E.2d 379, 390 (1993)). "[I]t was for the [fact finder] to decide whether the defendant acted with criminal intent in the commission of the crimes." Griggs v. Commonwealth, 220 Va. 46, 51, 255 S.E.2d 475, 478 (1979).

Our inquiry is whether the evidence proved an agreement between appellant and Marino to sell marijuana. According to Marino, appellant sold marijuana from the house when he and appellant first moved into the house, some five months earlier, and appellant admitted to Lyons that he sold marijuana five to six years earlier. Appellant also allowed other people to sell marijuana on his property, prompting the police investigation. In exchange, some of those individuals shared the marijuana with appellant. He knew Travis had given marijuana, scales, and packaging to Marino and knew Marino had a stash of marijuana in his safe, packaged for

ready distribution. In fact, on several occasions, Marino gave appellant individually wrapped baggies of marijuana from his stash. Appellant possessed a digital scale and a shotgun in his room, all inconsistent with personal use. The drugs, scale, and packaging found in Marino's safe were also inconsistent with personal use.

Appellant testified that, following a prior incident with the police, he had disposed of the marijuana plants because he was afraid the police would search his room. It is reasonable to infer that appellant had Travis store the marijuana, scales, and packaging in Marino's room to avoid those items being found in appellant's room. Marino was characterized as "impressionable" and a "pushover," characterizations consistent with appellant taking advantage of Marino.

It could further be inferred that there was a "common scheme" to sell marijuana from appellant's house. Drugs were sold from appellant's house. Travis supplied the drugs, Marino stored them, appellant provided the drugs to the dealers, and sold the drugs himself. It could be inferred that appellant and Travis used Marino as a conduit to supply drugs to appellant for distribution. Each had a separate role in this criminal enterprise. The evidence was sufficient to prove appellant entered into an agreement with Marino and Travis to sell marijuana.

Appellant contends he did not actually or constructively possess the marijuana found in Marino's safe, nor did he exercise dominion and control over those drugs. Evidence supports the trial court's finding that appellant knew Travis was bringing marijuana packaged for distribution into the house, appellant knew Marino stored the drugs in Marino's safe, and appellant knew the drugs were for sale. Thus, the evidence revealed appellant intentionally and knowingly possessed the marijuana with knowledge of its nature and character. "Possession need not be actual, exclusive, or lengthy in order to support a conviction." Wells v. Commonwealth, 32 Va. App. 775, 781, 531 S.E.2d 16, 19 (2000). Rather "the statute criminalizes constructive or

joint possession of illegal drugs of any duration." Id.  Appellant jointly possessed the marijuana with Marino and Travis.  He exercised dominion and control over the drugs through Marino.  At Travis' direction, Marino, on several occasions, gave plastic baggies containing marijuana to appellant from Marino's stash.  We conclude the evidence was sufficient to prove appellant jointly possessed, with Marino and Travis, the marijuana with the intent to distribute.

Finding no error, we affirm appellant's convictions.

Affirmed.